## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA FOR )
THE USE OF AMERICAN TRADES )
CONTRACTING & CONSULTING, )
LLC, a foreign limited liability company, )
)
       Plaintiff, )
)
-vs- )
)   NO. CIV-25-0885-HE
)
CF2 CONSTRUCTION, LLC a foreign )
limited liability company; CHEROKEE )
NATION ENVIRONMENTAL )
SOLUTIONS, L.L.C., a foreign limited )
liability company; CONTI FEDERAL )
SERVICES, INC., a foreign for profit )
business corporation; UNLIMITED )
CONTRACTORS, LLC, a foreign )
limited liability company; HARCO )
NATIONAL INSURANCE COMPANY, )
a foreign for profit business corporation; )
TRAVELERS CASUALTY AND )
SURETY COMPANY OF AMERICA, a )
foreign for profit business corporation, )
and THE OHIO CASUALTY )
INSURANCE COMPANY, a foreign for )
profit business corporation, )
)
       Defendants. )

## ORDER

Plaintiff, United States of America for the use of American Trades Contracting & Consulting, LLC (American Trades), filed a first amended complaint seeking relief pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.*, and Oklahoma law.[1] Defendant Conti

---

[1] *Under the Miller Act, a civil action must be brought in the name of the United States for the use of the person bringing the action. 40 U.S.C. § 3133(3)(A).*

**EXHIBIT 3**

Federal Services, Inc. (Conti) has moved to dismiss the Miller Act claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2]

According to defendant, American Trades is a third-tier subcontractor, with respect to the federal construction project at issue, who has no right to bring a civil action under the Miller Act and, thus, the court lacks subject matter over the claim.  In addition, Conti contends that American Trades cannot recover on "Payment Bond 1" because it does not satisfy the conditions expressed on the face of the bond.

A party may move under Rule 12(b)(1) to dismiss a claim for lack of subject matter jurisdiction, mounting either a facial or factual attack.  Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020).  A facial attack assumes the allegations in the first amended complaint are true and argues they fail to establish jurisdiction.  *Id*.  A factual attack goes beyond the allegations in the first amended complaint and adduces evidence to contest jurisdiction.  *Id*.

It appears from briefing that Conti mounts a factual attack.  "When a defendant brings a factual attack, a district court has wide discretion to allow affidavits, other documents, and a limited evidentiary to resolve disputed jurisdictional facts."  Baker, 979 F.3d at 872 (quotation marks omitted).  While Conti attempts to submit evidence to support

---

[2] *Defendants CF2 Construction, LLC, Cherokee Nation Environmental Solutions, L.L.C., Harco National Insurance Company, Travelers Casualty and Surety Company of America, and The Ohio Casualty Insurance Company have answered the first amended complaint.  See [Doc. #13, Doc. #16].  The record does not reflect service of process has been effected on defendant Unlimited Contractors, LLC.*

its motion, the company also relies on numerous factual assertions not supported by any evidence.  And in response to the motion, American Trades challenges the authenticity of the evidence proffered by Conti.  The court, in its discretion, declines to permit the factual statements appearing in Conti's brief to be deemed part of the record.  *See* LCvR7.1(i).  In light of these circumstances and the fact that the evidence, proffered by Conti, is disputed by American Trades as to its authenticity, the court declines to consider evidence outside the complaint.[3]  The court therefore construes Conti's motion as a facial attack.

Assuming all allegations in the first amended complaint to be true, the court cannot conclude that American Trades is a third-tier subcontractor not entitled to bring a claim under the Miller Act.[4]  At this stage, the court concludes that the challenge to the court's exercise of subject matter jurisdiction must be denied.

As to the Rule 12(b)(6) challenge, the court concludes that the allegations are sufficient to overcome dismissal with respect to the "Payment Bond 1" claim.  The court

---

[3] *The court notes that if it did consider evidence outside the complaint, it would need to convert the Rule 12(b)(1) motions into one for summary judgment under Fed. R. Civ. P. 56 since "subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case," thus making the jurisdictional claim and the merits intertwined.  Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987).*

[4] *Under the Miller Act, a person who provides labor or material to the contractor may bring an action on the payment bond, as can a person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the bond.  See 40 U.S.C. § 3133(b)(1) and (2).  A subcontractor is "one who performs for and takes from the prime contract a specific part of the labor or material requirements of the original contract."  J.W. Bateson Co. v. U.S. ex rel. Bd. of Trustees of Nat. Automatic Sprinkler Indus. Pension Fund, 434 U.S. 586, 590 (1978) (quoting Clifford F. MacEvoy Co. v. U.S. for the use and benefit of Calvin Tompkins Co., 322 U.S. 102, 109 (1944)) (emphasis omitted); see also U.S. v. Southwind Const. Services, LLC, 510 Fed. Appx. 688 (10th Cir. 2013) (a third-tier subcontractor is not entitled to protection under the Miller Act).*

concludes that the allegations are sufficient to plausibly infer that American Trades has satisfied the expressed conditions of "Payment Bond 1." The court concludes that dismissal of the Miller Act claim is not appropriate.

Accordingly, the motion to dismiss [Doc. #18] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of October, 2025.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE